# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, January 14, 2015**                                                                                   Hearing Room     1568

<u>11:00 AM</u>
**2:14-28392    Pablo Javier Aspiazu**                                                                                         **Chapter 7**

**#100.00**   Hearing re [22] Motion Objecting to the Debtor's Claims of Exemption in Real Property Located at 18951 Damasco Street, West Covina, California 91792

Docket      0

**Matter Notes:**

1/14/2015

The tentative ruling will be the order.
**POST PDF OF TENTATIVE RULING TO CIAO**
Trustee to prepare the order.

**Tentative Ruling:**

1/13/2015:  For the reasons set forth below, Motion DENIED.

**Pleadings filed and reviewed:**
1. Notice of Motion and Motion Objecting to the Debtor's Claims of Exemption in Real Property Located at 18951 Damasco Street, West Covina, California 91792; Memorandum of Points and Authorities in Support Thereof; Declaration of Wesley H. Avery in Support Thereof (D.E. 22) ("Motion")
2. Debtor's Opposition to Chapter 7 Trustee's Motion Objecting to Debtor's Claims of Exemption in Real Property Located at 18951 Damasco Street, West Covina, California 91792 (D.E. 26) ("Opposition")
3. Debtor's Amended Schedule C (D.E. 25)
4. Trustee's Reply to Opposition to Motion Objecting the Debtor's Claims of Exemption in Real Property Located at 18951 Damasco Street, West Covina, California 91792; Declaration of Wesley H. Avery in Support Thereof ("Reply") (D.E. 27)
5. Debtor's Untimely Supplemental Exhibit 3 (Appraisal Report) in Support of Debtor's Opposition ("Debtor's Appraisal") (D.E. 28)
6. Untimely Declaration by Jan Neiman in Support of Trustee's Reply ("Trustee's

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, January 14, 2015**                  Hearing Room    1568

**11:00 AM**
**CONT...**      **Pablo Javier Aspiazu**                                      Chapter 7
         Appraisal") (D.E. 29)

**Facts and Summary of Pleadings:**

       Pablo Javier Aspiazu ("Debtor") filed a voluntary petition under chapter 7 on 9/26/14. On Debtor's Schedule A, Debtor scheduled real property located at 18951 Damasco Street, West Covina, CA 91792 (the "Property") with a fair market value ("FMV") of $447,100 and equity of $38,847. On Debtor's Schedule C, Debtor claimed exemptions for the Property pursuant to Cal. Civ. Code Procedure 703.140(b)(5) and 703.140(1) for a total exemption of $38,847.

       The Chapter 7 Trustee ("Trustee") seeks an order disallowing Debtor's claims of exemption in the Property in their entirety ("Motion"). The Trustee states that on Debtor's Schedule A, Debtor inappropriately deducted $20,000 in sale costs and $50,000 in repair costs before arriving at the asserted $38,847 worth of equity in the Property. Motion at 3. The Trustee states that pursuant to Schedule C, Debtor's alleged equity is fully exempt. Id. at 4. However, the Trustee contends that at Debtor's 341(a) hearing, Debtor testified that he voluntarily transferred his interest in the Property within the last two years. Id. Debtor transferred his entire interest in the Property to Florencia Insalata ("Insalata") for no consideration, and then Insalata transferred half of that interest back to the Debtor for no consideration. Id.; Ex. 3 & 4. Notwithstanding Debtor's duty to provide complete and accurate information, Debtor did not disclose the transfers on his Statement of Financial Affairs ("SOFA") in his petition. Motion at 4.

       Based on the foregoing, the Trustee contends that Debtor waived his right to claim an exemption concerning the Property as a result of the pre-petition transfers. Motion at 4. In support, the Trustee relies on In re Noblit, 72 F.3d 757, 758 (9th Cir. 1995) and In re Glass, 60 F.3d 565, 570 (9th Cir. 1995). Motion at 4. The Trustee also contends that 11 U.S.C. § 522(g) effectively prohibits Debtor from claiming an exemption in the Property as a result of the voluntary transfer and Debtor's subsequent concealment in his schedules. Id. at 5. The Trustee contends that Debtor admitted under oath that the transfers occurred within the past two years. Id. Further, by failing to identify the transfers in his schedules and SOFA, Debtor concealed the transfers from the Court. Id. Therefore, the Trustee contends that Debtor waived his

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, January 14, 2015**                                                                 **Hearing Room    1568**

11:00 AM
**CONT...        Pablo Javier Aspiazu                                                                          Chapter 7**

right to an exemption.  Id.

Additionally, the Trustee asserts that the Debtor's claimed exemptions do not cover the equity in the Property.  Motion at 5.  Even if Debtor is entitled to claim exemptions under Cal. Code Civ. Proc. § 703.140(b)(1) and (b)(5), his total exemptions would only add up to $26,925.  ($25,575 from 703.140(b)(1) and $1,350 from 703.140(b)(5)).  Id. at 5-6.  Therefore, Debtor's claim of an exemption in the Property in the amount of $38,847 exceeds the statutory limit.  Id. at 6.  Accordingly, the Court should determine that the Property is not fully exempt.  Id.

Further, the Debtor's valuation of the Property is well below FMV.  Id.  The Trustee is informed that the actual value is $552,000.  Id.  The Trustee submits that the Property is encumbered by Wells Fargo's Mortgage in the amount of $338,253, a judgment lien in favor of Portfolio Recovery Associates, LLC in the amount of $9,320.32, and a judgment lien in favor of Discover Bank in the amount of $5,383.86.  Id.; Ex. 5 & 6.  Therefore, the total equity in the Property is $199,042.82.  Id.  This amount of equity would not be capable of exemption under any set of exemptions, so the Trustee requests the Property be turned over the estate for liquidation.  Id.  Therefore, the Trustee requests the Court disallow the Debtor's claimed exemption or limit the exemption to $26,925.  Id.

On 12/30/14, Debtor filed an Amended Schedule C which claims an exemption in the Property pursuant to Cal. Civ. Proc. Code § 704.730(a)(2) in the amount of $100,000 and maintains that the Property's FMV is $447,000.  (D.E. 25.)  Debtor also filed a timely Opposition to the Motion.  Debtor states that he acquired the Property on 4/14/03 and the Property continues to be his principal residence.  Opposition at 2.  On 2/19/13, Discover Bank recorded an abstract of judgment against the Property in the amount of $5,383.86.  Id.  On 3/6/13, Debtor conveyed the Property to Insalata, his fiancé and long term live-in girlfriend, with whom the Debtor has a five-year old daughter with.  Id.  Debtor's daughter also lives in the Property and Debtor disclosed his daughter on Schedule J. Id.  On 10/21/13, Insalata reconveyed a 50% interest in the Property back to the Debtor.  Id.  On 9/26/14, Debtor filed for bankruptcy in pro per, without the aid of a document preparer.  Id.

At the first 341(a) meeting, Debtor disclosed the transfers.  Opposition at 3.  Debtor did not list these transfers in his Schedules or SOFA because he prepared and

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Wednesday, January 14, 2015**                                                              Hearing Room    **1568**

11:00 AM
**CONT...        Pablo Javier Aspiazu                                                                    Chapter 7**
filed his petition by himself.  Id.  At a continued 341(a) meeting, the Trustee told Debtor he had to use the homestead exemption under Cal. Civ. Proc. Code § 704.730 (a)(2), as the Debtor had one minor dependent.  Id.

   With respect to the Trustee's § 522(g) argument, Debtor contends that § 522 (g) should have no application in this case.  Opposition at 4.  Debtor does not deny electing under 11 U.S.C. § 522(a)(3) to utilize the California State law exemptions.  Id. at 4.  However, Debtor was not aware that he is entitled to a homestead exemption under Cal. Civ. Proc. Code § 704.730(a)(2) because of his minor daughter.  Id.  Accordingly, Debtor has amended his Schedule C to claim such an exemption.  Id.  Debtor also distinguishes the facts of this case from the facts presented in In re Noblit and In re Glass, because Debtor transferred the Property to his fiancé and continued to live in the Property.  Id. at 4-5.  Additionally, Debtor contends that the transfers were not in reaction to any action by the Chapter 7 Trustee and the Debtor retained the Property.  Id. at 5.  Debtor contends that § 522(g) does not prohibit Debtor from claiming an exemption in the Property if it was transferred.  Id. at 6.  Debtor acknowledges that there remains an open question under Glass as to what happens if a property is reconveyed back to the debtor, independent of any action by the trustee, but the trustee seeks to avoid the original transfer.  Id.  To support Debtor's position that § 522(g) should not apply to this case, Debtor cites several non-binding cases.  Id. at 6-7.

   Next, in response to the Trustee's arguments concerning the value of the Property and the corresponding equity, the Debtor states that he is obtaining an appraisal of the Property to determine how much equity may be exempted under Cal. Civ. Proc. Code. § 704.730(a)(2). Opposition at 8. However, in the interim, the Debtor contends that any argument over the Debtor's presently claimed exemption is moot.  Id.

   The Trustee filed a timely Reply reiterating that Debtor's bad faith conduct, both pre-and post-petition, justifies a denial of the Debtor's claim of exemption in the Property.  Reply at 2.  The Trustee relies on the decision in In re Michael, 163 F.3d 526 (9th Cir. 1998), in which the Ninth Circuit held that a bankruptcy court may disallow a claim of exemption on a showing of bad faith by the debtor or prejudice to creditors.  Id.  The Trustee contends that the totality of the circumstances in this case supports disallowance of Debtor's claimed exemption because although Debtor did

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, January 14, 2015**                                                                 **Hearing Room    1568**

<u>11:00 AM</u>
**CONT...        Pablo Javier Aspiazu                                                                          Chapter 7**

not conceal the existence of the Property, Debtor did conceal the pre-petition transfers, the true value of the Property, and that Debtor holds only a 50% interest in the Property.  Id. at 3.  The Trustee also states that in Debtor's declaration, Debtor admits to manipulating title of the Property to conceal it from creditors pre-petition and to obtain secured credit.  Id.  Therefore, the Trustee contends that the debtor forfeited his right to an exemption pursuant to S 522(g).  Id.

Next, the Trustee contends that Debtor's pre-petition transfers show that he abandoned his claim of homestead.  Reply at 4.  Debtor does not dispute that he made pre-petition transfers for no consideration.  Id.  Therefore, the Trustee contends that such transfers were fraudulent and made with the intent to defraud creditors.  Id.  Moreover the Trustee contends that the Debtor abandoned the entire homestead, and not just 50%.  Id.  The Trustee asserts that, at best, Debtor could only exempt 50% of the Property because he only owns a 50% interest in the Property.  Id. at 4-5.

Finally, the Trustee asserts that based on Debtor's admissions that he fraudulently transferred a 50% interest in the Property to Insalata, the Trustee intends to file an action against Insalata pursuant to §§ 548 and 550.  Reply at 5.

**The Court finds and concludes as follows:**

At the outset, the Court notes that the Motion is directed at Debtor's original Schedule C, filed on 9/26/14.  However, in response to the Motion, Debtor filed an Amended Schedule C on 12/30/14, claiming a $100,000 exemption under Cal. Civ. Proc. Code § 704.730(a)(2). (D.E. 25.)  In the Trustee's Reply, the Trustee acknowledges the amendment, but maintains his position that Debtor's claim of exemption should be disallowed based on Debtor's bad faith conduct.  Reply at 2.  Therefore, the Court's analysis centers on whether the Debtor engaged in bad faith in amending his Schedule C, whether Debtor is entitled to claim an exemption under Cal. Civ. Proc. Code § 704.730(a)(2), and whether § 522(g) precludes Debtor from claiming such an exemption.

**1.   Debtor Did Not Engage in Bad Faith in Amending Schedule C.**

Bankruptcy Rule 1009(a) provides: "A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed."  Fed. R. Bankr. P. 1009(a).  The bankruptcy court has no discretion to

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, January 14, 2015**                                                                 **Hearing Room    1568**

11:00 AM
**CONT...        Pablo Javier Aspiazu                                                                                       Chapter 7**

disallow amended exemptions, unless the amendment has been made in bad faith or prejudices third parties.  Arnold v. Gill (In re Arnold), 252 B.R. 778, 784 (9th Cir. BAP 2000).  "Bad faith is determined by an examination of the 'totality of the circumstances.'"  In re Rolland, 317 B.R. 402, 414 (Bankr. C.D. Cal. 2004).  The party alleging the bad faith bears the burden of proof. In re Hidalgo, 2007 WL 7540950, at *3 (9th Cir. BAP July 9, 2007) (citing In re Magallanes, 96 B.R. 253, 256 (9th Cir. BAP 1988).    The usual ground for a finding of bad faith is the debtor's attempt to hide assets.  In re Hidalgo, 2007 WL 7540950, at *3 (9th Cir. BAP July 9, 2007) (citing Arnold, 252 B.R. at 784).  Prejudice to creditors is present where creditors suffer an actual economic loss due to a debtor's delay in claiming an exemption.  Arnold, 252 B.R. at 787.

   Based on a review of the pleadings, supporting declarations and evidence, and the Debtor's petition and schedules, the Court finds that the amendment claiming an increased homestead exemption of $100,000 pursuant to Cal. Proc. Civil. Code § 704.730(a)(2) was proposed in good faith.  In Debtor's petition, Debtor scheduled an interest in the Property and claimed exemptions pursuant to CA law.  Due to the Debtor's status as a pro se debtor, the Debtor was unaware that he was entitled to claim an exemption in the Property pursuant to Cal. Proc. Civ. Code § 704.730(a)(2).  Although Debtor did not initially disclose the pre-petition transfers, or that he only owns a 50% interest in the Property, the Court finds that the Debtor was forthcoming with such information at the initial 341(a) meeting.

   The Court is also not persuaded by the Trustee's contention that the Debtor has intentionally undervalued the Property in bad faith.  Initially the Trustee did not submit any evidence to support his position that the Property's FMV is $552,000.  However, in response to the Debtor's untimely appraisal, valuing the Property at $440,000, the Trustee filed his own untimely appraisal which assesses the FMV at $495,000. (D.E. 28 and 29.)  Based upon a review of both untimely appraisals, the Court finds that the Debtor's Appraisal is more reliable than the Trustee's Appraisal.  The Trustee's Appraisal is a broker's price opinion submitted by a real estate broker while the Debtor's Appraisal was prepared by a certified appraiser.  Additionally, the Trustee's Appraisal considers active comparables while the Debtor's Appraisal considers several comparables of standard sales.  The Court also finds that the Trustee's Appraisal does not indicate the location of the comparables or provide a reason for any adjustments.  Therefore, the Court finds that the Trustee has not carried

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

---

**Wednesday, January 14, 2015**                                                                                       **Hearing Room    1568**

---

11:00 AM
**CONT...        Pablo Javier Aspiazu                                                                                               Chapter 7**

his burden of persuasion of demonstrating that Debtor undervalued the Property in bad faith or that the amendment prejudices Debtor's creditors.

**2. Debtor is Entitled to a Homestead Exemption Under Cal. Civ. Proc. Code § 704.730(a)(2).**

A claimed exemption is "presumptively valid." In re Diener, 483 B.R. 196, 203 (9th Cir. BAP 2012) (citing Carter v. Anderson (In re Carter), 182 F.3d 1027, 1029 n.3 (9th Cir. 1999)). Once an exemption has been claimed, it is the objecting party's burden to prove by a preponderance of the evidence that the exemption is not properly claimed. Id. (citing Fed. R. Bankr. P. 4003(c)); In re Kelley, 300 B.R. 11, 17 (9th Cir. BAP 2003). Initially, this means that the objecting party has the burden of production and the burden of persuasion. In re Carter, 182 F.3d at 1029 n.3. The objecting party must produce evidence to rebut the presumptively valid exemption. Id. If the objecting party can produce evidence to rebut the exemption, the burden of production then shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemption is proper. Id. The burden of persuasion, however, always remains with the objecting party. Id.

Pursuant to Cal. Civ. Proc. Code § 704.730(a)(2), a debtor is entitled to a $100,000 homestead exemption, if –

> the judgment debtor or spouse of the judgment debtor who resides in the homestead is at the time of the attempted sale of the homestead a member of a family unit, and there is at least one member of the family unit who owns no interest in the homestead or whose only interest in the homestead is a community property interest with the judgment debtor.

Cal. Civ. Proc. Code § 704.730.

A family unit for purposes of qualifying a debtor for the larger homestead amount is defined by CCP § 704.710(b) to include:

(1) The judgment debtor and the judgment debtor's spouse if the spouses reside together in the homestead.

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, January 14, 2015**                                                                     **Hearing Room    1568**

11:00 AM
**CONT...        Pablo Javier Aspiazu                                                                      Chapter 7**

      (2) The judgment debtor and at least one of the following persons who the judgment debtor cares for or maintains in the homestead:

      (A) The minor child or minor grandchild of the judgment debtor or the judgment debtor's spouse or the minor child or grandchild of a deceased spouse or former spouse.

In re Pugh, 2014 WL 6882450, at *2 (Bankr. S.D. Cal. Oct. 24, 2014).

      In this case, the Trustee does not dispute that the Debtor resides at the Property with his minor daughter, who owns no interest in the Property. Accordingly, because the Trustee has not presented any evidence to contradict such a finding, the Debtor is entitled to claim an exemption under § 704.730(a)(2).

      Additionally, the Trustee is incorrect that the Debtor must own a 100% interest in the Property to claim the entire $100,000 homestead exemption. See In re Hsia, 183 B.R. 201, 204 (N.D. Cal. 1995) ("The California statutes regarding homestead exemptions contemplate that where members of different families hold property in joint ownership (joint tenancy or tenants in common), there can be more than one homestead exemption claimed on the same property. It has been held that each tenant of an undivided interest is entitled to select a homestead on jointly held property.") (citing Schoenfeld v. Norberg, 11 Cal.App.3d 755 (1970); Squibb v. Squibb, 190 Cal.App.2d 766 (1961)). Moreover, Cal. Civ. Proc. Code § 704.710(c) does not require that a debtor continuously own the property . . . the automatic homestead exemption applies to *any* interest in the property if the debtor satisfies the continuous residency requirement set forth in Cal. Civ. Proc. Code § 704.710(c). In re Elliott, 2014 WL 6972472, at * 7 (9th Cir. BAP Dec. 10, 2014) (citations omitted) (emphasis in original).

      Based on the foregoing, the Trustee has not carried his burden of persuasion in demonstrating that the exemption is not properly claimed.

   **3. 11 U.S.C. § 522(g) Does Not Preclude Debtor From Claiming an Exemption Pursuant to Cal. Civ. Proc. Code § 704.730(a)(2).**

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

---

**Wednesday, January 14, 2015**                                                                 **Hearing Room   1568**

---

11:00 AM
**CONT...      Pablo Javier Aspiazu**                                                                                    **Chapter 7**

      Although unpublished, the BAP's decision in In re Hidalgo provides useful guidance in determining the applicability of section 522(g):

> In a California bankruptcy case, a debtor may claim property exempt based upon state law. § 522(b)(1)-(3). 'Section 522(g), however, limits the ability of a debtor to claim an exemption where the trustee has recovered property for the benefit of the estate.' Hitt v. Glass (In re Glass), 164 B.R. 759, 761 (9th Cir.BAP1994). 'The purpose of § 522 (g) is to prevent a debtor from claiming an exemption in recovered property which was transferred in a manner giving rise to the trustee's avoiding powers, where the transfer was voluntary or where the transfer or property interest was concealed.' Id. at 764. However, in order to invoke § 522(g), the property at issue must have been recovered for the benefit of the bankruptcy estate. Id. at 764–65. Although the trustee need not have recovered the property by any formal means, § 522(g)(1) requires that the property at issue in fact be returned to the bankruptcy estate. Id.

In re Hidalgo, No., 2007 WL 7540950, at *6 (B.A.P. 9th Cir. July 9, 2007).

      In this case, the Trustee has yet to even file an avoidance action, let alone recover the Property for the estate. Therefore, the Trustee's argument is premature. Accordingly, the Court finds that section 522(g) does not prevent the Debtor from claiming a homestead exemption in the Property at this time.

      For the reasons stated above, the Motion is DENIED in its entirety, without prejudice as to the Trustee's § 522(g) argument. The Trustee shall lodge a conforming proposed order within 7 days of the hearing.

      **REVISED SUBMISSION PROCEDURE**

No appearance is required if submitting on the court's tentative ruling. If you intend to submit on the tentative ruling, please contact David Riley or Jessica Vogel, the Judge's law clerks at 213-894-1522. **If you intend to contest the tentative ruling and appear, please first contact opposing counsel to inform them of your intention to do so.** Should an opposing party file a late opposition

---

# United States Bankruptcy Court
# Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, January 14, 2015**                                                               **Hearing Room**    **1568**

<u>11:00 AM</u>
**CONT...**      **Pablo Javier Aspiazu**                                                                      **Chapter 7**

or appear at the hearing, the court will determine whether further hearing is required.  If you wish to make a telephonic appearance, contact Court Call at 888-882-6878, no later than one hour before the hearing.

| Party Information |
|---|

**Debtor(s):**

   Pablo Javier Aspiazu                                    Represented By
                                                                                                                Tyson  Takeuchi

**Trustee(s):**

   Wesley H Avery (TR)                                  Represented By
                                                                                                                Robert M Aronson