1   Robert M. Aronson (CA Bar No. 81487)
    LAW OFFICE OF ROBERT M. ARONSON, APC
2   444 S. Flower Street, Suite 1700
    Los Angeles, CA 90071
3   Telephone: (213) 688-8945
    Fax: (213) 688-8948
4   Email: robert@aronsonlawgroup.com

5   Counsel for Chapter 7 Trustee Wesley H. Avery

6
                    UNITED STATES BANKRUPTCY COURT
7
        CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION
8

9

10  In re                                   CASE NO. 2:14-bk-28392-ER

11  PABLO JAVIER ASPIAZU                    Chapter 7

12           Debtor.                        ADVERSARY NO.  [To be Assigned]

13                                          COMPLAINT FOR:

14  WESLEY H. AVERY,                        (1) AVOIDANCE OF FRAUDULENT
                                            TRANSFER UNDER 11 U.S.C. §§ 544;
             Plaintiff,                     (2) AVOIDANCE OF FRAUDULENT
15                                          TRANSFER UNDER 11 U.S.C. §§ 548;
        vs.                                 (3) RECOVERY OF AVOIDED; AND
16                                           (4) TRANSFERS UNDER 11 U.S.C. § 550
    INSALATA FLORENCIA,
17                                          DATE:
             Defendant                      TIME:  [To Be Set by Summons]
18                                          PLACE:

19

20

21

22                              JURISDICTION

23       1.    The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

24  sections 157 and1324 in that this action arises in and relates to the bankruptcy case pending in the

25  United States Bankruptcy Court for the Central District of California entitled *In Re Pablo Javier*

26  *Aspiazu* Case No. 2:14-bk-28392-ER.

27

28

2.    Plaintiff as the Chapter 7 Trustee has standing to bring this action pursuant to 11 U.S.C. § 323.

3.    This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2) and 1334 and this Court has the constitutional authority to enter a final judgment on these claims.  To the extent any claim for relief contained herein is determined not to be a core proceeding Plaintiff consents to the entry of final judgment and orders by the Bankruptcy Court.

4.    Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United States Code as provided in 28 U.S.C. sections 1408 and 1409.

**PARTIES**

5.    Plaintiff Wesley H. Avery (hereafter "Plaintiff" or "Trustee") is Chapter 7 Trustee for Pablo Javier Aspiazu, debtor in the above captioned case ("Debtor").

6.    Plaintiff alleges that at all relevant times Defendant Insalata Florencia ("Defendant") was and is an individual residing in the County of Los Angeles, California.

**GENERAL ALLEGATIONS**

7.    The Debtor transferred to Defendant via a quitclaim deed dated January 16, 2013 ("Initial Quitclaim"), the title to his residence located at 18951 Damasco Street, West Covina, California 91792 (the "Property"). The Initial Quitclaim was recorded with the County of Los Angeles on March 6, 2013. A true and correct copy of the Initial Quitclaim is attached hereto as **Exhibit "1"**.

8.    Defendant transferred back to the Debtor via a quitclaim deed dated October 21, 2013 ("Second Quitclaim"), one-half joint tenancy interest to the Property.  However, in doing so, Defendant retained her one-half joint tenancy interest in the Property.  A true and correct copy of the Second Quitclaim is attached hereto as **Exhibit "2"**.

9.    The Debtor received no consideration for the transfer of his interest in the Property to Defendant.

10.    On December 18, 2014, the Trustee filed his objection to the Debtor's claim of exemptions ("Initial Objection") in the Property. The Debtor amended his Schedule C on December 30, 2014, claiming an exemption therein of $100,000.00 pursuant to Cal. Code Civ. Proc. 704.730(a)(2).

11.    The Debtor then filed an opposition to the Initial Objection, a true and correct copy of which is attached hereto as **Exhibit "3"**.  The opposition filed by the Debtor admits that the transfers evidenced by **Exhibits "1"** and **"2"** were made and made for no consideration.

10.    The Trustee is informed and believes, and alleges on that basis, that the Property is valued between $460,000 and $495,000. The total equity in the Property thus equals at least $107,043 and $142,043.

11.    The Debtor filed this chapter 7 case on September 26, 2014 ("Petition Date").

12.    The Debtor did not reveal the transfers of the Property on his Statement of Affairs, thereby concealing same from this Court as part of his bankruptcy filing.

13.    Such transfers were only discovered by the Trustee in his investigation of the Property.  The Debtor admitted that such transfers had occurred when confronted by the Trustee at the Debtor's 341a hearing.

## FIRST CLAIM FOR RELIEF

Avoidance and Recovery of Transfers of Real Property As Against Defendant

[11 U.S.C. Section 544]

14.    Plaintiff realleges the allegations at paragraphs 1 through 13 as if fully set forth herein.

15. Pursuant to 11 U.S.C. § 544, Plaintiff acquired the rights of a bona fide purchaser of real property, an existing unsecured creditor or a secured creditor under the California Uniform Fraudulent Transfer Act (Cal. Civ. Code §§ 3439 – 3439.12)( the"Act").

16. The limitations period for bringing a claim under the Act is four (4) years from the date of any transfer.

17. Plaintiff may avail himself under 11 U.S.C. § 544 of the Act to avoid the fraudulent transfer of the Debtor's interest in the Property to Defendant.

18. The transfer of the Property by the Debtor to the Defendant was made at a time when the Debtor was insolvent, or the transfer of the Property rendered the Debtor insolvent.

19. The transfer of the Property by the Debtor was made with actual intent to hinder, delay or defraud a creditor or creditors of the Debtor.

20. In the alternative, the transfer of the Property by the Debtor was made without receiving a reasonably equivalent value in exchange for such transfer and (a) the Debtor was engaged in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or (b) the Debtor intended to incur or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

## SECOND CLAIM FOR RELIEF

Avoidance and Recovery of Transfers of Real and Personal Property

[11 U.S.C. §548]

21. Plaintiff realleges the allegations at paragraphs 1 through 20 as if fully set forth herein.

22. The Debtor transferred his one-half interest in the Property to Defendant within the two (2) years prior to the Petition Date.

23.     The transfer of the Property by the Debtor was made with actual intent to hinder, delay or defraud a creditor or creditors of the Debtor.

24.     In the alternative, the transfer of the Property by the Debtor was made without receiving a reasonably equivalent value in exchange for such transfer and (a) the Debtor was engaged in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or (b) the Debtor intended to incur or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due

25.     The Debtor was insolvent on the dates that such transfer was made, or became insolvent as a result of such transfers.

26.     Based on the foregoing, the transfers Defendant made by the Debtor within the past two (2) years were fraudulent transfers under 11 U.S.C. § 548.

## THIRD CLAIM FOR RELIEF

For Recovery of Avoided Transfers

[11 U.S.C. § 550]

28.     Plaintiff realleges the allegations at paragraphs 1 through 27 as though fully set forth herein.

29.     Pursuant to 11 U.S.C. § 550 (a), any transfers avoided under Sections 544 and 548 of the Bankruptcy Code are recoverable by a trustee from the initial transferee.

30.     Based on the allegations contained in this Complaint, Plaintiff is entitled to recovery of transfers made to Defendant in accordance with 11 U.S.C. §§ 544 and 548.

31.     Accordingly, Plaintiff is entitled to a recovery of all such avoided transfers under Section 550 of the Bankruptcy Code.

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. As to the First Claim for Relief, for a judgment against Defendant that the transfers of Plaintiff's real and personal property are avoidable under 11 U.S.C. § 544;

3. As to the Second Claim for Relief, for a judgment that the transfers of Plaintiff's real and personal property are avoidable under 11 U.S.C. § 548;

4. As to the Third Claim for Relief, for a judgment for recovery under 11 U.S.C. §550 as to all transfers avoided under 11 U.S.C. §§ 544 and 548;

6. As to all Claims for Relief, for costs of suit incurred herein, including, without limitation, attorneys' fees; and

7. As to all Claims for Relief, for such other and further relief as the Court deems just and proper.

DATE:    January 26, 2015                    **LAW OFFICE OF ROBERT M. ARONSON**

By:/s/  Robert M. Aronson_____
Robert M. Aronson
Attorney for Chapter 7 Trustee Wesley H.
Avery

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "1"**

(INITIAL QUITCLAIM)



**This page is part of your document - DO NOT DISCARD**



# 20130342896

Pages:
0002

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**03/06/13 AT 08:00AM**

| FEES: | 22.00 |
|---|---|
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 22.00 |



LEADSHEET



2013030601500010

000073488811

0004696426

SEQ:
20

DAR - Title Company (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED     t97

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO
AND MAIL TAX STATEMENTS TO

| | |
|---|---|
| NAME | Florencia Insalata |
| ADDRESS | 18591 Damasco Street |
| CITY | West Covina |
| STATE & ZIP | California, 91782 |

03/06/2013

*20130342896*

TITLE ORDER NO.                    ESCROW OR LOAN NO.                    APN NO: 8725-019-001

# QUITCLAIM DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s):
DOCUMENTARY TRANSFER TAX is $0.00 CITY TAX $0.00:
X computed on full value of property conveyed, or ☐ computed on full value less value of liens or encumbrances remaining at time of sale.
☐ Unincorporated area: X City of West Covina, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
**Pablo Aspiazu , s Single Man**

hereby remise, release and forever quitclaim to **Florencia Insalata a single woman**

the following described real property in the County of Los Angeles, State of California:

Lot 61 of Tract 29668, in the City of West Covina Area, County of Los Angeles, State of California as per map Recorded in Book 861 Page(s) 82 to 84, of Maps in the Office of the County Recorder of said County.

(Property Commonly known as: 18581 Damasco Street, West Covina Area, CA 91792)

This is a bonafide gift and the Grantor received nothing in return. R&T 11911

Dated   1  16  13                                        Pablo Aspiazu

State of California

County of   Los Angeles

On   11/6/13   before me,   Fernando Burguiero   Notary Public   personally appeared
Pablo Aspiazu   who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature                                        (Seal)

FERNANDO BUGUEIRO
COMM. #1942114
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires June 25, 2015

Mail Tax Statements to Return Address Above

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "2"**

(SECOND QUITCLAIM)

Station Id :1V9/

Branch :P1E,User :JHAN                    Comment:

This page is part of your document - DO NOT DISCARD



**201315506289**



Pages:
0002

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

10/21/13 AT 03:53PM

| | |
|---|---|
| FEES: | 22.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 22.00 |



LEADSHEET



201310210070034

00008458391



005847067

SEQ:
01

DAR - Counter (Upfront Scan)



THIS FORM IS NOT TO BE DUPLICATED

LOS ANGELES,CA                    Page 1 of 2                    Printed on 11/6/2014 4:34:32 PM
Document: D 2013.1506289

Branch :P1B,User :JHAN                                          Comment:

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO
AND MAIL TAX STATEMENTS TO

NAME: Florencia Insalata and Pablo Aspiazu

ADDRESS: 18951 Damasco St

CITY : West Covina
STATE & ZIP : California 91792

TITLE ORDER NO.                  ESCROW OR LOAN NO.                        APN NO: 8726-019-001

## QUITCLAIM DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s)
    DOCUMENTARY TRANSFER TAX is $ 0.00 CITY TAX $ 0.00
        computed on full value of property conveyed, or    computed on full value less value of liens or
        encumbrances remaining at time of sale,
        Unincorporated area: City Of West Covina, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, Florencia Insalata, a single woman,

hereby remise, release and forever quitclaim to: Florencia Insalata a single woman and Pablo Aspiazu, a single man,
as joint tenants,

the following described real property in the County of Los Angeles, State of California:

Lot 61 of Trac 29686, in the City of West Covina Area, County of Los Angeles, State Of California as per map
Recorded in Book 861 Page(s) 82 to 84 of Maps in the Office of the County Recorder of said County.
(Property Commonly know as: 18951 Damasco St West Covina area CA 91792)

"This is bonafide gift and the Grantor received nothing in return, R&T 11911"

Dated _____ 10-21-13 _____                          _____
                                                     Florencia Insalata

State of California

County of _Los Angeles_

On _10-21-13_ before me, _Gene T. Reed Notary_ personally appeared
_Florencia Insalata_ who proved to me on the basis of satisfactory evidence to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature _____    (Seal)

```
                    GENE T. REED
                  Commission # 1895614
                Notary Public - California
                  Los Angeles County
               My Comm. Expires Aug 1, 2014
```

QUITCLM.DOC

DOCUMENT PROVIDED BY STEWART TITLE OF CALIFORNIA, INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "3"**

(DEBTOR'S OPPOSITION TO INITIAL OBJECTION TO EXEMPTIONS)

1  Tyson M. Takeuchi, SBN 177419
   LAW OFFICE OF TYSON M. TAKEUCHI
2  1100 Wilshire Blvd., Suite 2606
   Los Angeles, CA 90017
3  Tel 213.637.1566
   Fax 888.977.6310
4  tyson@tysonfirm.com

5  Attorney for Debtor

6

7

8              UNITED STATES BANKRUPTCY COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                 LOS ANGELES DIVISION

11  In re:                    ) Case No.: 2:14-bk-28392-ER
                              )
12  Pablo Javier Aspiazu,     ) Chapter 7
                              )
13           Debtor.          ) DEBTOR'S OPPOSITION TO CHAPTER
                              ) 7 TRUSTEE'S MOTION OBJECTING TO
14                            ) THE DEBTOR'S CLAIMS OF
                              ) EXEMPTION IN REAL PROPERTY
15                            ) LOCATED AT 18951 DAMASCO
                              ) STREET, WEST COVINA, CALIFORNIA
16                            ) 91792
                              )
17                            ) DATE: January 14, 2015
                              ) TIME: 11:00 a.m.
18                            ) CTRM: 1568, 15th Floor
                              )     U.S. Bankruptcy Court
19                            )     255 East Temple Street
                              )     Los Angeles, CA 90012
20  _____)

21  TO THE HONORABLE ERNEST ROBLES, CHAPTER 7 TRUSTEE WESLEY AVERY,

22  OTHER INTERESTED PARTIES:

23      NOTICE IS HEREBY GIVEN that Debtor Pablo Javier Aspiazu

24  ("Debtor") by and through his attorney of record, Tyson M.

25  Takeuchi, opposes the Motion Objecting to the Debtor's Claims of

26  Exemption in Real Property Located at 18951 Damasco Street, West

27  Covina, California 91792 (the "Motion") filed by the Chapter 7

28  Trustee, Wesley Avery, on December 18, 2014 in the instant case.

THE LAW OFFICES OF
Tyson M. Takeuchi
& Associates
Los Angeles
California
(213) 637-1566

I.

INTRODUCTION

1.    The Debtor acquired the single family residence located at 18951 Damasco Street, West Covina, California 91792 (the "Property") on April 14, 2003. This is the Debtor's principal residence.

2.    On February 19, 2013, Discover Bank recorded an abstract of judgment against the Property in the amount of approximately $5,383.86.

3.    On March 6, 2013, the Debtor conveyed the Property to Insalata Florencia, his fiancée and long term live-in girlfriend.

4.    The Debtor and Ms. Florencia have a five-year old daughter together, who lives with them in the Property. This daughter was disclosed in the original Schedule J prepared and filed by the Debtor.

5.    On October 21, 2013, Ms. Florencia reconveyed a 50% interest in the Property back to the Debtor.

6.    On September 26, 2014, nearly one year after the October 21, 2013 reconveyance, the Debtor filed the instant bankruptcy proceeding under Chapter 7. The instant case was filed in pro se, and the Debtor completed his bankruptcy petition, schedules and related documents himself, without the aid of a document preparer.

7.    The first Meeting of Creditors with 341(a) was held on October 30, 2014. The Chapter 7 Trustee and his attorney of record, Robert M. Aronson, were present.

THE LAW OFFICES OF
Tyson M. Takeuchi
& Associates
Los Angeles
California
(213) 637-1566

8.    At this meeting, the Debtor testified to the Chapter 7 Trustee and Mr. Aaronson that he is single, has a minor dependent, and lives in the Property with the minor dependent and his girlfriend. The Debtor testified that he, his girlfriend and his daughter have lived in the Property since the date of filing of the instant case.

9.    At the first Meeting of Creditors, the Debtor disclosed a conveyance of the Property to his girlfriend, Ms. Florencia within the two years preceding the filing date of the instant case. The Debtor also disclosed a subsequent, pre-petition reconveyance of the Property into his name approximately one- to one-and-a-half years prior to the filing date of the instant case. These transfers were not listed in the Statement of Financial Affairs prepared and filed by the pro se Debtor.

10.    A continued Meeting of Creditors was held on November 19, 2014. Both the Chapter 7 Trustee and Mr. Aaronson were present at this hearing. The Chapter 7 Trustee told the Debtor he had to use the homestead exemptions under Cal. Code of Civil Procedure §704.730(a)(2), as the Debtor had one minor dependent. At the time of this hearing, the Debtor's Schedule C reported an exemption under §730.140(b)(5).

11.    During the continued Meeting of Creditors, the Chapter 7 Trustee stated to the Debtor that he would be considering the instant case an asset case and recommended that the Debtor seek attorney representation.

THE LAW OFFICES OF
Tyson M. Takeuchi
& Associates
Los Angeles
California
(213) 637-1566

MOTION

II.

ARGUMENT

**A. 11 U.S.C. §522(g) Should Have No Application in the Instant Case. The Debtor is Entitled to a Homestead Exemption with Respect to the Property**

The Debtor does not deny electing under 11 U.S.C. §522(a)(3) to utilize the California State law exemptions. However, as the instant case was filed in pro se, the Debtor was not aware that he is entitled to homestead exemptions under Cal. Code of Civil Procedure § 704.730(a)(2), as he has a minor dependent. An Amended Schedule C listing this exemption was filed on December 30, 2014.

However, the Chapter 7 Trustee appears to object to the Debtor claiming any exemptions at all with respect to the Property on the basis that the Debtor voluntarily transferred his interest in the Property prior to filing the instant case. Whether or not the Chapter 7 Trustee's argument relies on this transfer being fraudulent or not is not clear in the Motion, which cites two cases in support of this argument: *In re Noblit*, 72 F.3d 757, 758 (9th Cir. 1995); and *In re Glass*, 60 F.3d 565, 670 (9th Cir. 1995).

In *Noblit*, a creditor who had preferentially received the proceeds of the sale of the debtor's home argued that because the debtor could have protected the home under the homestead exemption, the trustee should not be able to recover the proceeds of the sale of the home. The court held that the creditor did not have standing to raise the issue of the homestead exemption because the exemption is personal to the

THE LAW OFFICES OF
Tyson M. Takeuchi
& Associates
Los Angeles
California
(213) 637-1566

Case 2:14-bk-28392-ER   Doc 26   Filed 12/30/14   Entered 12/30/14 17:47:47   Desc
Main Document      Page 5 of 24

1   debtor and the debtor had essentially waived her right to claim

2   it when she sold the property.

3        In *Glass*, the debtor had, pre-petition, transferred a

4   property to his son. The trustee filed an object to any claim of

5   exemption for the property and sought to avoid the transfer. The

6   son, subsequent to the filing of the objection, reconveyed the

7   property back to the debtor. The debtor argued that he was

8   entitled to the homestead exemption because the trustee had not

9   recovered the property himself, and so 11 U.S.C. §522(g) did not

10  apply. The 9th Circuit found that because the reconveyance was

11  performed in reaction to the trustee's actions, the trustee had

12  indeed recovered the property within the meaning of §522(g) and,

13  therefore, the debtor could not assert the homestead exemption.

14       In the instant case, the Property was transferred, pre-

15  petition, to the Debtor's fiancée, with whom he lives in the

16  Property with their five-year old daughter. Prior to the filing

17  of the instant case, a 50% interest in the Property was

18  transferred back to the Debtor. The second transfer was also

19  pre-petition, and it was not performed as a reaction to any

20  action by the Chapter 7 Trustee. Again, the instant case had not

21  yet even been filed at the time the 50% interest in the Property

22  was reconveyed to the Debtor.

23       The facts and conclusions of *Noblit* and *Glass* are

24  materially different when compared to the facts and

25  circumstances in the instant case. The court's decision in

26  *Noblit* was contingent on the debtor's property being sold. In

27  the instant case, the Debtor retains the Property. The Court's

28  decision in *Glass* is subsequent to a post-petition reconveyance

THE LAW OFFICES OF
Tyson M. Takeuchi
& Associates
Los Angeles
California
(213) 637-1566

1  of a property to a debtor, presumably as a reaction to the

2  presiding trustee's attempt to avoid an initial transfer. Here,

3  the reconveyance of the Property was also pre-petition.

4      Moreover, the Chapter 7 Trustee argues that §522(g) itself

5  "effectively prohibits an exemption of property which was

6  voluntarily transferred and such transfer is concealed on the

7  debtor's schedules." It is true that the Debtor will not be able

8  to exempt the Property under §522(g) if it was voluntarily

9  transferred, but it is not true that §522(g) prohibits a

10  claiming of exemption if the Property was transferred. §522(g)

11  gives the Debtor a right to claim an exemption, under certain

12  circumstances, and only applies where the Property is recovered

13  by the Chapter 7 Trustee. Presumably under *Glass*, a debtor could

14  transfer the property, but then if it is reconveyed back to the

15  debtor, independent of any action of the trustee, §522(g) should

16  have no application.

17      The open question, under *Glass*, would be what happens if

18  the property is reconveyed back to the debtor, independent of

19  any action by the trustee, but the trustee seeks to avoid the

20  original transfer. The 1st Cir. in *In re Hill* held that §522(g)

21  did not apply where reconveyance (following a fraudulent

22  conveyance) was performed prepetition and in response to the

23  actions of a creditor. Because reconveyance was done in response

24  to actions of a creditor and not the trustee, the trustee could

25  be said to have "recovered" the property and, therefore, §522(g)

26  did not apply and the debtor could claim the homestead

27  exemption. *See In re Hill*, 562 F.3d 29 (1st Cir. 2009). In *Hill*,

28  the debtors had a home without recording a homestead,

THE LAW OFFICES OF
Tyson M. Takeuchi
& Associates
Los Angeles
California
(213) 637-1566

1  fraudulently transferred the home to an insider, then. in

2  response to a creditor lawsuit, had the property reconveyed back

3  to them and recorded a homestead exemption. The creditor argued,

4  inter alia, that the trustee could avoid the first fraudulent

5  transfer, which would leave the debtors in a position without a

6  valid homestead to assert, as they had not recorded a homestead

7  exemption at the time of the fraudulent transfer). The 1st Cir.

8  rejected this argument and found that the reconveyance was

9  "curative" and so the recording of the homestead subsequent to

10  the reconveyance was valid. *See Hill,* 562 F.3d at 35.

11      Other courts have held that prepetition reconveyances allow

12  a debtor to claim the homestead exemption. *See In re Gentile,*

13  483 B.R. 50, 52-53 (Bankr. D. Mass 2012). In *Gentile,* the court

14  ruled against a creditor's objection to the debtor's claim of

15  exemption where the debtors had fraudulently conveyed a property

16  out of their name and, subsequently, transferred it back into

17  their name, prepetition, as the trustee had not recovered the

18  property and a finding of non-dischargeability due to fraud does

19  not preclude debtors from claiming an exemption. In *In re*

20  *Mcdaniel,* 2012 WL 174370 (Bankr. N.D. Ala. 2012), the court

21  decided against a creditor's objection to the debtor's claim of

22  exemption where the property was reconveyed back into the

23  debtor's name by order of a state court in a civil collection

24  suit.

25

26      **B. The Debtor's Claimed Exemptions Fall Under Cal. Code of**

27          **Civil Procedure §704.730(a)(2) and Cover Most of the**

28          **Equity in the Property**

THE LAW OFFICES OF
Tyson M. Takeuchi
& Associates
Las Angeles
California
(213) 637-1566

1    Central to Motion is the Chapter 7 Trustee's argument that

2  the Debtor is not entitled to claim any exemption with respect

3  to the Property because of a voluntary, pre-petition transfer of

4  the Property. Any equity in the Property would, provided the

5  Chapter 7 Trustee's argument holds, be available to the estate

6  in the instant case.

7    The Debtor is presently obtaining an appraisal of the

8  Property for the purpose of determining exactly how much of any

9  equity may be exempted under C.C.P. §704.730(a)(2). However,

10  as a determination of whether or not the Debtor in the instant

11  case can claim any exemption at all with respect to the Property

12  has yet to be made by this Court, any argument over the Debtor's

13  presently claimed exemptions is moot.

14

15                           III.

16                       CONCLUSION

17    In light of the foregoing, it is respectfully requested

18  that the Motion be denied and the Debtor be allowed to claim a

19  $100,000.00 exemption with respect to the Property under

20  C.C.P. §704.730(a)(2).

21

22

23  DATED: December 30, 2014        LAW OFFICE OF TYSON M.
                                    TAKEUCHI
24

25  _____
    TYSON M. TAKEUCHI
26  Attorney for Debtor

27

28

THE LAW OFFICES OF
Tyson M. Takeuchi
& Associates
Los Angeles
California
(213) 637-1566

# DECLARATION

### DECLARATION OF PABLO JAVIER ASPIAZU

I, Pablo Javier Aspiazu, declare and state as follows:

1.   I am the debtor in Chapter 7 case No. 2:13-bk-36918-BB, I have personal knowledge of the facts stated herein, and if called upon to testify, could and would testify competently thereto.

2.   I acquired the single family residence located at 18951 Damasco Street, West Covina, California 91792 (the "Property") on April 14, 2003. This is my principal residence.

3.   On February 19, 2013, Discover Bank recorded an abstract of judgment against the Property in the amount of approximately $5,383.86.

4.   On March 6, 2013, I conveyed the Property to Insalata Florencia, my fiancée and long term live-in girlfriend.

5.   I did not expect Discover Bank to record a lien against the Property because I believed I had settled the underlying debt with them in approximately 2007. The conveyance of the Property to my fiancée was in response to the unexpected recording of Discover Bank's abstract of judgment.

6.   Ms. Florencia and I have a five-year old daughter together, who lives with us in the Property. This daughter was disclosed in the original Schedule J I prepared and filed in this case.

7.   On October 21, 2013, Ms. Florencia reconveyed a 50% interest in the Property back to me.

8.   The reconveyance was performed nearly a year prior to the filing of the instant case, and it was done in order to qualify for a financial assistance loan through the California

THE LAW OFFICES OF
Tyson M. Takeuchi
& Associates
Los Angeles
California
(213) 637-1566

MOTION

1  Housing Finance Agency. I understood that, in order to qualify

2  for this loan, I had to be on title for the Property.

3      9.   On February 25, 2014, the California Housing Finance

4  Agency approved our loan for $23,958.00.

5      10.  A true, correct and complete copy of the deed of trust

6  securing this loan is attached hereto as Exhibit 1.

7      11.  On September 26, 2014, nearly one year after the

8  October 21, 2013 reconveyance, I filed the instant bankruptcy

9  proceeding under Chapter 7. The instant case was filed in pro

10 se, and I completed my bankruptcy petition, schedules and

11 related documents myself, without the aid of a document

12 preparer.

13     12.  The first Meeting of Creditors with 341(a) was held on

14 October 30, 2014. The Chapter 7 Trustee and his attorney of

15 record, Robert M. Aronson, were present.

16     13.  At this meeting, I testified to the Chapter 7 Trustee

17 and Mr. Aaronson that I am single, care for a minor dependent,

18 and live in the Property with my daughter and her mother, who is

19 also my long-term girlfriend and fiancée. I testified that the

20 three of us have lived in the Property since the date of filing

21 of the instant case.

22     14.  At the first Meeting of Creditors, I disclosed the

23 conveyance of the Property to my girlfriend, Ms. Florencia

24 within the two years preceding the filing date of the instant

25 case. I also disclosed a subsequent, pre-petition reconveyance

26 of the Property into my name approximately one- to one-and-a-

27 half years prior to the filing date of the instant case. These

28

THE LAW OFFICES OF
Tyson M. Takeuchi
& Associates
Los Angeles
California
(213) 637-1566

1  transfers were not listed in the Statement of Financial Affairs

2  I prepared and filed in the instant case.

3    15.  A continued Meeting of Creditors was held on November

4  19, 2014. Both the Chapter 7 Trustee and Mr. Aaronson were

5  present at this hearing. The Chapter 7 Trustee told me I had to

6  use the homestead exemptions under California Code of Civil

7  Procedure §704.730(a)(2) as I have one minor dependent. At the time

8  of the hearing, my Schedule C reported an exemption under

9  §730.140(b)(5).

10    16.  During the continued Meeting of Creditors, the Chapter

11  7 Trustee stated to me that he would be considering the instant

12  case an asset case and recommended that I seek attorney

13  representation.

14    17.  On December 10, 2014, I obtained the representation of

15  Tyson M. Takeuchi as my bankruptcy counsel.

16    18.  On December 30, 2014, Mr. Takeuchi filed an amended

17  Schedule C using the homestead exemption under §704.730(a)(2)   .

18    19.  A true, correct and complete copy of the amended

19  Schedule C is attached hereto as Exhibit 2.

20    I declare under penalty of perjury under the laws of the

21  State of California and the United States of America that the

22  forgoing is true and correct to the best of my knowledge and

23  belief.

24    Executed this 30th Day of December, 2014, at Los Angeles,

25  California.

26

27

28  
Pablo Javier Aspiazu

THE LAW OFFICES OF
Tyson M. Takeuchi
& Associates
Los Angeles
California
(213) 637-1566

MOTION

# EXHIBIT 1

**This page is part of your document - DO NOT DISCARD**







## 20140193057

Pages:
0008

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**02/25/14 AT 08:00AM**

| | | |
|---|---|---|
| FEES: | | 43.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 43.00 |



LEADSHEET



201402250150003

00008896026



006052369

SEQ:
24

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

t96

RECORDING REQUESTED BY AND WHEN
RECORDED RETURN TO:
CalHFA Mortgage Assistance Corporation
Keep Your Home California Program
P.O. Box 5678
Riverside, CA 92517



02/25/2014

*20140193057*

SPACE ABOVE FOR RECORDER'S USE ONLY

# DEED OF TRUST

**Title of Document**

THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
($3.00 Additional Recording Fee Applies)

| | |
|---|---|
| RECORDING REQUESTED BY AND WHEN<br>RECORDED RETURN TO:<br>CalHFA Mortgage Assistance Corporation<br>Keep Your Home California Program<br>P.O. Box 5678<br>Riverside, CA 92517 | **(For Recorder's Use Only)**     *3* |

No. 1450226-309317

### DEED OF TRUST
*(Keep Your Home California Program)*

### NOTICE TO HOMEOWNER
### THIS DEED OF TRUST CONTAINS
### PROVISIONS RESTRICTING ASSUMPTIONS

This Deed of Trust is made on **FEBRUARY 06, 2014**, by **FLORENCIA NOELIA INSALATA AND PABLO JAVIER ASPIAZU, WHO ACQUIRED TITLE AS FLORENCIA INSALATA, A SINGLE WOMAN AND PABLO ASPIAZU, A SINGLE MAN, AS JOINT TENANTS**, whose address is: **18951 DAMASCO STREET, WEST COVINA, CA 91792**, (the "Homeowner") to the CalHFA Mortgage Assistance Corporation, a California nonprofit public benefit corporation (the "Trustee") whose address is P.O. Box 5678, Riverside, CA 92517 in favor of the CalHFA Mortgage Assistance Corporation, a California nonprofit public benefit corporation, as beneficiary, (the "CalHFA MAC") whose address is P.O. Box 5678, Riverside, CA 92517 and any successor or assigns.

1.      HOMEOWNER, IN CONSIDERATION OF THE INDEBTEDNESS HEREIN RECITED AND THE TRUST HEREIN CREATED HEREBY IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to Trustee in trust, with power of sale and right of entry and possession, all of Homeowner's right, title and interest now held or hereafter acquired in and to the following: (a) all of that certain real property (the "Property") located in the County of LOS ANGELES, State of California, described below as,

LOT 61 OF TRACT 29688, IN THE CITY OF WEST COVINA AREA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AS PER MAP RECORDED IN BOOK 861 PAGE(S) 82 TO 84, OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 8725-019-001

which property address is **18951 DAMASCO STREET, WEST COVINA, CA 91792**
which is incorporated herein by this reference; and (b) all buildings, improvements and fixtures now or hereafter erected thereon, and all appurtenances, easements, and articles of property now or hereafter affixed to, placed upon or used in connection with the Property, together with all additions to, substitutions for, changes in or replacements of the whole or any part of said articles of property (all of which real and personal property are sometimes referred to as the "Property"); all of which are hereby pledged and assigned, transferred, and set over onto Trustee, and for purposes of this Deed of Trust declared to be part of the realty; provided, however, that furniture and other personal property of Homeowner now or hereafter situated on said real property are not intended to be included as part of the Property.

2.    THE ABOVE GRANT, TRANSFER, AND ASSIGNMENTS ARE FOR THE PURPOSE OF
SECURING:

Payment of the indebtedness evidenced by that certain promissory note of Homeowner of even date herewith and titled "Promissory Note (Open-Ended Credit) *Keep Your Home California Program*" (the "Note") of Homeowner in the face amount of **TWENTY-THREE THOUSAND NINE HUNDRED FIFTY-EIGHT DOLLARS AND SIXTY-THREE CENTS, ($23,958.63)** (which amount, under the Note, may be increased or decreased due to changes in Trustor's monthly mortgage payment and/or expenses incurred by Trustor's primary mortgage lender in connection with Trustor's default under their primary mortgage loan, either of which may occur after the initial date of the Note, but in no case shall such amount exceed the maximum benefit assistance of the approved program in the amount equal to **$25,000.00** in the aggregate.)", and any and all amendments, modifications, extensions or renewals of the Note.

3    TO PROTECT THE SECURITY OF THIS DEED OF TRUST, HOMEOWNER AGREES:
3.1    *Maintenance of the Property.* (a) To keep the Property in a decent, safe, sanitary, tenantable condition and repair and permit no waste thereof; (b) not to commit or suffer to be done or exist on or about the Property any condition causing the Property to become less valuable; (c) not to remove, demolish or structurally alter any buildings and improvements now or hereinafter located on the Property; (d) to repair, restore or rebuild promptly any buildings or improvements on the Property that may become damaged or be destroyed while subject to the lien of this Deed of Trust; (e) to comply with all applicable laws, ordinances and governmental regulations affecting the Property or requiring any alteration or improvement thereof, and not to suffer or permit any violations of any such law, ordinance or governmental regulation, nor of any covenant, condition or restriction affecting the Property; (f) not to initiate or acquiesce in any change in any zoning or other land use or legal classification which affects any of the Property without CalHFA MAC's written consent; and (g) not to alter the use of all or any part of the Property without the prior written consent of CalHFA MAC.
3.2    *Insurance.* To keep the Property insured against loss or damage by fire and such other hazards, casualties and contingencies and by such companies, on such forms and in the amount of the replacement cost of the buildings or improvements on the Property Neither Trustee nor CalHFA MAC shall by reason of accepting, rejecting, approving or obtaining insurance incur any liability for the existence, nonexistence, form or legal sufficiency of such insurance, or solvency of any insurer for payment of losses.
3.3    *Payment of Taxes and Utility Charges.* To pay, at least ten (10) days prior to delinquency, all taxes and assessments, both general and special, fines, penalties, levies and charges of every type or nature levied upon or assessed against any part of the Property.

4.    IT IS MUTUALLY AGREED THAT:
4.1    *Awards and Damages.* All judgments, awards of damages, settlements and compensation made in connection with or in lieu of (a) taking of all or any part of or any interest in the Property by or under assertion of the power of eminent domain, (b) any damage to or destruction of the Property or any part thereof by insured casualty, and (c) any other injury or damage to all or any part of the Property, are hereby assigned to and shall be paid to CalHFA MAC. CalHFA MAC is authorized and empowered (but not required) to collect and receive any such sums and is authorized to apply them in whole or in part upon any indebtedness or obligation secured hereby, in such order and manner as CalHFA MAC shall determine at its option. CalHFA MAC shall be entitled to settle and adjust all claims under insurance policies provided under this Deed of Trust and may deduct and retain from the proceeds of such insurance the amount of all expenses incurred by it in connection with any such settlement or adjustment. All or any part of the amounts so collected and recovered by CalHFA MAC may be released to Homeowner upon such conditions as CalHFA MAC may impose for its disposition. Application of all or any part of the amounts collected and received by CalHFA MAC or the release thereof shall not cure or waive any default under this Deed of Trust. If the Property is abandoned by Homeowner, or if, after notice by CalHFA MAC to Homeowner that the condemnor offers to make an award or settle a claim for damages, Homeowner fails to respond to CalHFA MAC within thirty (30) days after the date such notice is mailed, CalHFA MAC is authorized to collect and apply the proceeds, at CalHFA MAC's option, either to restoration or repair of the Property or to the sum secured by this Deed of Trust.
4.2    *Prohibition on Transfer of Interests.* Homeowner shall not make any sale, lease, conveyance of the Property in any form, or any part thereof or interest therein, without the prior written consent of CalHFA MAC. CalHFA MAC may decline to give such consent in its sole discretion.

*5*

4.3    *Principal Forgiveness.* If the Homeowner is a Qualified Homeowner at all times prior to and on the third year anniversary of the date of the Note, 100% of the principal amount outstanding under the Note shall be reduced and forgiven.

4.4    *Repayment of advance.* The indebtedness secured by this Deed of Trust is a deferred payment obligation. Unless the principal amount of the indebtedness securing this Deed of Trust is forgiven pursuant to paragraph 4.3, or unless CalHFA MAC otherwise agrees in writing, Homeowner shall repay to the CalHFA MAC the principal and any other amounts due under the Note on the earliest of the following occurrence:

    (a) The first lien indebtedness on the Property is paid in full or reaches its maturity date, whichever occurs first;

    (b) The first lien indebtedness on the Property is refinanced and homeowner receives more than one percent (1%) of the principal amount of the new loan in cash;

    (c) The first lien indebtedness on the Property is assumed

    (d) Title to the Property is transferred; or

    (e) The first lien indebtedness on the Property becomes due and payable for any reason.

4.5    *Sale or Forbearance.* No sale of the Property, forbearances on the part of CalHFA MAC or extension of the time for payment of the indebtedness hereby secured shall operate to release, discharge, waive, modify, change or affect the liability of Homeowner either in whole or in part.

4.6    *CalHFA MAC's Rights to Release.* Without affecting the liability of any person for payment of any indebtedness hereby secured (other than any person released pursuant hereto), including without limitation any one or more endorsers or guarantors, and without affecting the lien hereof upon any of the Property not released pursuant hereto, at any time and from time to time without notice: (a) CalHFA MAC may, at its sole discretion, (i) release any person now or hereafter liable for payment of any or all such indebtedness, (ii) extend the time for or agree to alter the terms of payment of any or all of such indebtedness, and (iii) release or accept additional security for such indebtedness, or subordinate the lien or charge hereof; and (b) Trustee, acting pursuant to the written request of CalHFA MAC, may reconvey all or any part of the Property, consent to the making of any map or plat thereof, join in granting any easement thereon, or join in any such agreement of extension or subordination.

4.7    *Reconveyance.* Upon written request of CalHFA MAC stating that all sums and obligations secured hereby have been discharged, or otherwise as requested in writing by CalHFA MAC, and upon surrender of this Deed of Trust and the Note and any additional notes to Trustee for cancellation, and upon payment to Trustee of its fees and expenses, Trustee shall reconvey, without warranty, the Property or that part thereof then held hereunder. The recitals in any reconveyance shall be conclusive proof of their truthfulness and the grantee in any such reconveyance may be described "as the person or persons legally entitled thereto." When the Property has been fully reconveyed, the last such reconveyance shall operate as a reassignment of all of the rents, royalties, issues, accounts and profits of the Property to the person or persons legally entitled thereto unless such reconveyance expressly provides to the contrary.

5.    EVENTS OF DEFAULT

5.1    *Events of Default.* Any one or more of the following events shall constitute a default under this Deed of Trust: (a) failure of Homeowner to observe or to perform any covenant, condition or agreement to be observed or performed by Homeowner pursuant to the Note or this Deed of Trust; or (b) the occurrence of any event which, under the terms of the Note, shall entitle CalHFA MAC to exercise the rights or remedies thereunder; or (c) the occurrence of any event of default under the terms of any superior note or deed of trust on the Property.

5.2    *Acceleration and Sale.*

    (a)    Acceleration. In the event of any default CalHFA MAC, without demand on Homeowner, may declare all sums hereby secured immediately due and payable by notice thereof to Homeowner or by executing and recording or by causing Trustee to execute and record a notice of default and election to cause the Property to be sold to satisfy the obligations secured hereby or by the commencement of an appropriate action to foreclose this Deed of Trust or by any other appropriate manner;

    (b)    Sale. After delivery to Trustee of a notice of default and demand for sale and after the expiration of such time and the giving of such notice of default and sale as may then be required by law, and without demand on Homeowner, Trustee shall sell the Property at the time and place of sale fixed by it in said notice of sale, at public auction to the highest bidder for cash in lawful money of the United States of America, payable at time of sale. Trustee may postpone sale of all or any portion of the Property by public announcement at such time and place of sale

and from time to time thereafter may postpone such sale by public announcement at the time and place fixed by the preceding postponement. Any person, including Homeowner, Trustee or CalHFA MAC, may purchase at such sale. Upon such sale by Trustee it shall deliver to such purchaser its deed conveying the Property so sold, but without any covenant or warranty expressed or implied.

The recitals in such deed of any matters or facts shall be conclusive proof of their truthfulness. Upon sale by Trustee, and after deducting all costs, expenses and fees of Trustee and of this Deed of Trust, Trustee shall apply the proceeds of sale to the payment of the principal indebtedness hereby secured, whether evidenced by the Note or otherwise, or representing advances made or costs or expenses paid or incurred by CalHFA MAC under this Deed of Trust, or any other instrument evidencing or securing any indebtedness hereby secured and to the payment of all other sums then secured hereby as provided in this Deed of Trust, or any other instrument evidencing or securing any indebtedness hereby secured, in such order as CalHFA MAC shall direct; and then the remainder, if any, shall be paid to the person or persons legally entitled thereto.

5.3     *Attorney's Fees.* If Trustee or CalHFA MAC shall be made parties to or shall intervene in any action or proceeding affecting the Property or the title thereto or the interest of Trustee or CalHFA MAC under this Deed of Trust, or if CalHFA MAC employs an attorney to collect any or all of the indebtedness hereby secured or to foreclose this Deed of Trust, or authorizes Trustee to conduct trustee's sale proceedings hereunder, then Trustee and CalHFA MAC shall be reimbursed by Homeowner, immediately and without demand, for all reasonable costs, charges and attorney's fees incurred by them or either of them in any such case whether or not suit be commenced, and the same.

5.4     *Exercise of Remedies; Delay.* No exercise of any right or remedy by CalHFA MAC or Trustee hereunder shall constitute a waiver of any other right or remedy herein contained or provided by law, and no delay by CalHFA MAC or Trustee in exercising any such right or remedy hereunder shall operate as a waiver thereof or preclude the exercise thereof during the continuance of any default hereunder.

5.5     *Trustee Substitution.* The irrevocable power to appoint a substitute trustee or trustees hereunder is hereby expressly granted to CalHFA MAC, to be exercised at any time hereafter, without specifying any reason therefor by filing for record in the office where this Deed of Trust is recorded a deed of appointment, and said power of appointment of successor trustee or trustees may be exercised as often as and whenever CalHFA MAC deems advisable. The exercise of said power of appointment, no matter how often, shall not be deemed an exhaustion thereof, and upon recording of such deed or deeds of appointment, trustee or trustees so appointed shall thereupon, without further act or deed of conveyance, succeed to and become fully vested with identically the same title and estate in and to the Property hereby conveyed and with all the rights, powers, trusts and duties of the predecessor in the trust hereunder, with the like effect as if originally named as trustee or as one of the trustees.

5.6     *Remedies Cumulative.* No remedy herein contained or conferred upon CalHFA MAC or Trustee is intended to be exclusive of any other remedy or remedies afforded by law or by the terms hereof to CalHFA MAC or Trustee but each and every such remedy shall be cumulative and shall be in addition to every other remedy given hereunder or now or hereafter existing at law or in equity.

6.     MISCELLANEOUS PROVISIONS
6.1     *Successors, Assigns, Gender, Number.* The covenants and agreements herein contained shall bind, and the benefit and advantages shall inure to, the respective heirs, executors, administrators, successors and assigns of the parties. Wherever used, the singular number shall include the plural, and the plural the singular, and the use of any gender shall be applicable to all genders.

6.2     *Headings.* The headings are inserted only for convenience of reference and in no way define, limit, or describe the scope or intent of this Deed of Trust, or of any particular provision thereof, or the proper construction thereof.

6.3     *Actions on Behalf of CalHFA MAC.* Except as is otherwise specifically provided herein, whenever any approval, notice, direction, consent, request or other action by CalHFA MAC is required or permitted under this Deed of Trust, such action shall be in writing.

6.4     *Terms.* The word "CalHFA MAC" means the present CalHFA MAC, or any future owner or holder, including pledgee, of the indebtedness secured hereby.

6.5.     *Qualified Homeowner* means CalHFA MAC has determined, in its sole discretion from documentation provided by the Homeowner, that Homeowner is eligible to receive financial assistance under CalHFA MAC's Keep Your Home California Program and has satisfied all of the program criteria disclosed in writing to Homeowner, including without limitation occupying the Property as his/her principal residence.

6.6 *Obligations of Homeowner.* If more than one person has executed this Deed of Trust as "Homeowner", the obligations of all such persons hereunder shall be joint and several.

6.7    *Severability.* If any provision of this Deed of Trust shall be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions hereof shall not in any way be affected or impaired.

6.8    *Indemnification.* Homeowner shall indemnify and hold CalHFA MAC, its officers and agents harmless against any and all losses, claims, demands, penalties and liabilities which CalHFA MAC, its officers or agents may sustain or suffer by reason of anything done or omitted in good faith pursuant to or in connection with this Deed of Trust and not assert any claim against CalHFA MAC, its officers or agents by reason of any action so taken or omitted. Homeowner shall, at Homeowner's expense, defend, indemnify, save and hold CalHFA MAC, its officers and agents harmless from any and all claims, demands, losses, expenses, damages (general, punitive or otherwise), causes of action (whether legal or equitable in nature) asserted by any person, firm, corporation or other entity arising out of this Deed of Trust and Homeowner shall pay CalHFA MAC upon demand all claims, judgments, damages, losses or expenses (including reasonable legal expense) incurred by CalHFA MAC as a result of any legal action arising out of this Deed of Trust.

IN WITNESS WHEREOF, Homeowner has executed this Deed of Trust on the day and year as acknowledged by Notary Public.

_____
FLORENCIA NOELIA INSALATA

_____
PABLO JAVIER ASPIAZU

## ALL-PURPOSE ACKNOWLEDGMENT NOTARY FOR CALIFORNIA

𝓑

STATE OF CALIFORNIA                    )
COUNTY OF Orange _____        )

On February 10, 2014 , before me, A. Ochoa _____ NOTARY PUBLIC,
        Date                                    Name And Title Of Officer (e.g. "Jane Doe, Notary Public")

personally appeared ----------FLORENCIA NOELIA INSALATA AND PABLO JAVIER ASPIAZU----------,
                                              Name of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

```
A. OCHOA
Commission # 1973225
Notary Public - California
Riverside County
My Comm. Expires Mar 25, 2016
```

_____
Signature of Notary Public

# EXHIBIT 2

B6C (Official Form 6C) (04/13)

IN RE Aspiazu, Pablo Javier
_____
Debtor(s)

Case No. **2:14-bk-28392-ER**
_____
(If known)

## AMENDED SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:
(Check one box)

☐ Check if debtor claims a homestead exemption that exceeds $155,675. *

☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE A - REAL PROPERTY** | | | |
| **Residence located at 18951 Damasco St West Covina CA 91792** | CCCP § 704.730(a)(2) | 100,000.00 | 447,000.00 |
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| **Misc. household goods and furnishings** | CCCP § 704.020 | 500.00 | 500.00 |
| **General family pictures, children's books, and music collection** | CCCP § 704.020 | 600.00 | 600.00 |
| **Clothing** | CCCP § 704.020 | 400.00 | 400.00 |
| **Glock BTE547** | CCCP § 704.020 | 400.00 | 400.00 |

* Amount subject to adjustment on 4/1/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

    1100 Wilshire Boulevard, Suite 2606, Los Angeles, California 90017

A true and correct copy of the foregoing document entitled (*specify*): Debtor's Opposition to Chapter 7 Trustee's Motion Objection to the Debtor's Claims of Exemption in Real Property Located at 18951 Damasco Street, West Covina, CA 91792

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/30/2014 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Robert M Aronson    robert@aronsonlawgroup.com,
info@aronsonlawgroup.com;robert@ecf.inforuptcy.com
Wesley H Avery (TR)    wamiracle6@yahoo.com,
jmoattrustee@gmail.com;vguillentrustee@gmail.com;C117@ecfcbis.com;
afitzpatricktrustee@gmail.com
Tyson Takeuchi    tyson@tysonfirm.com, albert@tysonfirm.com

United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Gilbert B Weisman    notices@becket-lee.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL:**
On (*date*) 12/30/2014 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

MOVANT: Chapter 7 Trustee Wesley Avery, c/o the Law Office of Robert M. Aronson, 444 S. Flower Street, Suite 1700, Los Angeles, California 90071

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 12/30/2014 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

JUDGE: US Bankruptcy Court, 255 East Temple Street, Suite 1560, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/30/2014 | Albert Pfaffman | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**