Robert M. Aronson (CA Bar No. 81487)
LAW OFFICE OF ROBERT M. ARONSON
444 S. Flower St., Suite 1700
Los Angeles, CA 90071
Telephone: (213) 688-8945
Fax: (213) 688-8948
Email: robert@aronsonlawgroup.com

Bankruptcy Counsel for Wesley Avery, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Pablo Javier Aspiazu<br><br>Debtor. | Case No.   2:14-bk-28392-ER<br><br>Chapter 7<br><br>**NOTICE OF MOTION AND MOTION OBJECTING TO THE DEBTOR'S AMENDED CLAIMS OF EXEMPTION IN REAL PROPERTY LOCATED AT 18951 DAMASCO STREET, WEST COVINA, CALIFORNIA 91792; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF WESLEY H. AVERY IN SUPPORT THEREOF**<br><br>Date: February 17, 2015<br>Time: 10:00 a.m.<br>Place: United States Bankruptcy Court<br>255 E. Temple Street<br>Los Angeles, CA<br>Courtroom 1568 |

TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES

BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND

ALL INTRESTED PARTIES:

PLEASE TAKE NOTICE that Wesley Avery, the Chapter 7 Trustee ("Trustee") seeks an order disallowing the exemptions Debtor Pablo Javier Aspiazu ("Debtor") claimed on the Debtor's Amended Schedule C with respect to that certain property located at 18951 Damasco Street, West Covina, California 91792 ("Property"). This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the attached Declaration of Wesley Avery ("Avery Dec.") and the record in this case.

**IF YOU DO NOT OPPOSE THIS MOTION, you need take no further action.**

**IF YOU DESIRE TO OPPOSE THIS MOTION,** pursuant to Local Bankruptcy Rule 9013-1(f), you must do so no later than 14 days before the hearing by filing a written opposition to this Motion with the Clerk of the United States Bankruptcy Court, located at 255 E. Temple Street, Los Angeles, California 90012, and serving the opposition on the Debtor's Counsel, Robert M. Aronson, 444 S. Flower Street, Suite 1700, Los Angeles, CA 90071.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013(f)(1), your Response must contain a "[a] complete written statement of all reasons in opposition thereto…, declarations and copies of all documentary evidence on which the responding party intends to rely, and any responding memorandum of points and authorities."

Failure to timely file and serve such opposition to the Motion may be deemed by the Court to be consent to the relief requested in the Motion, Local Bankruptcy Rule 9013-1.

DATED: January 26, 2015          LAW OFFICE OF ROBERT M. ARONSON

By: /s/ Robert M. Aronson
Robert M. Aronson
Counsel for Wesley Avery Chapter 7 Trustee

OBJECTIONS TO EXEMPTIONS
-2-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

The Court should grant the present Motion requesting that the Debtor's claimed exemption in the Property be disallowed to the extent that the Trustee recovers fraudulently transferred assets pursuant to 11 U.S.C. §522(g). The Debtor admitted the fraudulent and voluntary transfer of a one-half interest in his residence at both his 341a hearing and in subsequent pleadings filed with this Court. The Trustee has filed his avoidance action to recover this transfer. The Trustee therefore requests that the Court sustain the objections contained herein in order to allow any recovered assets to be administered for the benefit of creditors.

## II. FACTS.

The Debtor, a single man according to paragraph 16 of his Statement of Financial Affairs, filed his Chapter 7 petition on September 6, 2014. A true and correct copy of the Debtor's Petition and Schedules is attached to the Avery Dec. as **Exhibit "1"**.

The Debtor listed the Property on Schedule A. In so doing, the Debtor also calculated his equity in the Property. The Debtor listed the value of the Property as $447,000 with one lien owing to Wells Fargo Home Mortgage in the amount of $338,253, leaving equity of $108,847. *See* true and correct latest mortgage statement from Wells Fargo attached as **Exhibit "2"** to Avery Dec.

The Debtor, on Schedule C elected to use exemptions under Cal. Code of Civil Procedure §§ 703.140(1) and 703.140(b)(5). Schedule C indicates that the Debtor's alleged equity of $38,847.00 is fully exempt under those two code sections.

The Debtor's 341a hearing was conducted on October 30, 2014. At that hearing, the Debtor testified that he is single, less than 65 years of age, is not disabled, nor does anyone who is disabled or 65 years or older residing with him. The Debtor in response to questions posed by

the Trustee, further testified that he voluntarily transferred his interest in the Property within the last two years.

First, he transferred his entire interest in the Property to Florencia Insalata for no consideration and subsequently Ms. Insalata transferred half of that interest back to the Debtor, again for no consideration. *See* **Exhibits "3"** and **"4"** to Avery Dec. Thus, the net effect of these transfers was that the Debtor transferred a half interest to the Property to Ms. Insalata for no consideration. Notwithstanding the Debtor's duty to provide all information requested under penalty of perjury, the Debtor did not reveal such transfers on his Statement of Affairs as of the Petition Date, thereby concealing same from this Court as part of his bankruptcy filing.

On December 18, 2014, the Trustee filed his objection to the Debtor's claim of exemptions ("Initial Objection") in the Property. The Debtor amended his Schedule C on December 30, 2014, claiming an exemption therein of $100,000.00 pursuant to Cal. Code Civ. Proc. 704.730(a)(2). A true and correct copy of the Debtor's amended claim of exemption is attached as **Exhibit "5"** to the Avery Dec.

The Debtor then filed an opposition to the Initial Objection, a true and correct copy of which is attached to the Avery Dec. as **Exhibit "6"**. The opposition filed by the Debtor admits that the transfers evidenced by **Exhibits "3"** and **"4"** were for no consideration. On January 23, 2015, the Court entered an order denying the Initial Objection without prejudice as to the Trustee's ability to file a further objection to the Debtor's claim of exemption under 11 U.S.C. §522(g).

Concurrently herewith the Trustee filed his Complaint to Avoid Fraudulent Transfer (the "Avoidance Action") against Insalata Florencia the Debtor's transferee. The Trustee now seeks to confirm that the Debtor's claim of exemption does not include any property recovered by the Trustee as a result of the Avoidance Action.

OBJECTIONS TO EXEMPTIONS
-4-

### III. OBJECTIONS.

#### A. Debtor Is Precluded From Claiming an Exemption in Property Recovered by the Trustee Pursuant to 11 U.S.C. §522(g)

The Trustee objects to the Debtor claiming an exemption concerning any interest in the Property which the Debtor transferred away since this was a voluntarily transfer prior to bankruptcy. By voluntarily transferring exempt property pre-petition, the Debtor waived any exemption to which he may have been entitled. *In re Noblit* 72 F. 3d 757, 758 (9th Cir. 1995) *Se also In re Glass*, 60 F. 3rd 565, 570 (9th Cir. 1995)(debtor precluded from exempting property fraudulently transferred pre-petition). Moreover, 11 U.S.C. §522(g) effectively prohibits an exemption of property which was voluntarily transferred and such transfer was concealed on the debtor's schedules. Such was the case in this bankruptcy proceeding.

The Debtor admitted under oath at his 341a hearing that he transferred the Property to Insalata Florencia and that Ms. Florencia transferred a half interest back to him within the past two years. These transfers were concealed because neither was identified in the Debtor's schedules or in his Statement of Financial Affairs. The Debtor further testified that he received no consideration for such transfers. Moreover, the Debtor further confirmed such transfers for no consideration in his opposition to the Trustee's Initial Objection. Based on the foregoing, the Debtor has waived his right to an exemption and the claimed exemption should be disallowed. *Id.*

The Trustee has filed the Avoidance Action to recover the one-half interest transferred away by the Debtor pre-petition. The Trustee anticipates prevailing in that action. Therefore, the Debtor should be precluded from exempting any portion of the recovered asset. Such preclusion arises under Section 522(g) wherein a debtor is only permitted to exempt any property recovered by a trustee to the extent that such property was not concealed <u>and</u> the debtor did not voluntarily

transfer the asset. Since in this case, the Debtor admits the voluntary transfer of his one-half interest in the Property, he is precluded from claiming an exemption in the recovery of that asset. *See also Hitt v. Glass (In re Glass)* 164 B.R. 759, 761 (9th Cir. BAP 1994).

Although the Trustee has not yet recovered this asset, the Trustee is required by Federal Rule of Bankruptcy Procedure ("FRBP") 4003(b)(1) to object to any amended claim of exemption within the later of the 341a hearing or the date of the filing of the amended claim of exemption. Thus, the Trustee must file this objection now so as not to be barred from doing so under FRBP 4003. The Trustee therefore seeks an order now to clarify that the Debtor may not exempt any asset to be recovered by the Trustee under the Avoidance Action.

    **B.**    ***Debtor's Claimed Exemptions Do Not Cover The Equity In the Property***.

The Trustee is informed that the actual value of the Property is between $460,000 and $495,000. According to the property profile, aside from the Wells Fargo Mortgage in the amount of $338,253, there is a judgment lien in favor of Portfolio Recovery Associates, LLC in the amount of $9,320.32 and another judgment lien in favor of Discover Bank in the amount of $5,383.86. *See* **Exhibits "7"** and **"8"** to Avery Dec. Thus, the total equity in the Property is at least between $107,043 and $142,043.

As a result of the transfer, the Debtor is only a one-half owner of the Property. Thus, the Debtor may only exempt his one-half interest in the equity of the Property, not any interest conveyed away. *Gardner v. Johnson,* 195 F.2d 717 (9th Cir. 1952. The Trustee should then be free to sell the Property once he prevails in the Avoidance Action so that creditors can receive the liquidated value of the one-half interest recovered.

*IV.*    *CONCLUSION.*

OBJECTIONS TO EXEMPTIONS

-6-

For all the above reasons, the Court should disallow the Debtor's claimed exemptions in the Property to the extent that the Trustee recovers any asset pursuant to the Avoidance Action so that the Property can then be liquidated for the benefit of creditors.

Dated: January 26, 2015                    **LAW OFFICE OF ROBERT M. ARONSON**


/s/ Robert M. Aronson
Robert M. Aronson, Attorney for
Wesley Avery, Chapter 7 Trustee

## DECLARATION OF WESLEY H. AVERY

I, WESLEY H. AVERY, declare as follows:

1. I am the duly appointed, qualified and acting Chapter 7 Trustee of the bankruptcy estate (the "Estate") of debtor Pablo Javier Aspiazu (the "Debtor"). Each of the facts contained in this declaration is based on personal knowledge and, if called as a witness, I could and would competently testify thereto under oath.

2. I am familiar with the Motion Objecting to the Debtor's Claims of Exemption in Real Property Located at 18951 Damasco Street, West Covina, California 91792 (the "Motion").

3. This declaration is made in support of the Motion.

4. This bankruptcy case was commenced by the filing of a voluntary petition under Chapter 7 of title 11 of the United States Code (hereafter the "Bankruptcy Code") on September 26, 2014 ("Petition Date").

5. The Debtor is a single man according to paragraph 16 of his Statement of Financial Affairs, filed his Chapter 7 petition on September 26, 2014. A true and correct copy of the Debtor's Petition and Schedules is attached hereto as **Exhibit "1"**.

6. The Debtor listed the property located at 18951 Damasco Street, West Covina, California 91792 ("Property") on Schedule A. In so doing, the Debtor also calculated his equity in the Property. The Debtor listed the value of the Property as $447,000 with one lien owing to Wells Fargo Home Mortgage in the amount of $338,253. A true and correct latest mortgage statement from Wells Fargo attached as **Exhibit "2"** hereto.

7. The Debtor's 341a hearing was conducted on October 30, 2014. At that hearing, the Debtor testified that he is single, less than 65 years of age, is not disabled, nor does anyone

who is disabled or 65 years or older residing with him. The Debtor further testified that he voluntarily transferred his interest in the Property within the last two years.

       8.      The Debtor, in response to questions posed by me, further testified at his 341a hearing that first, he transferred his complete interest in the Property to Florencia Insalata for no consideration and subsequently Ms. Insalata transferred half of that interest back to the Debtor, again for no consideration. I discovered these facts myself before the 341a hearing by running a property profile for the Property. That search revealed the two transfers by way of certain transfer deeds. True and correct copies of those deeds are attached hereto as **Exhibits "3"** and **"4"**.

       9.      Notwithstanding the Debtor's duty to provide all information requested under penalty of perjury, the Debtor did not reveal such transfers on his Statement of Affairs as of the Petition Date, thereby concealing same from this Court as part of his bankruptcy filing.

      10.     On December 18, 2014, I caused to be filed the objection to the Debtor's claim of exemptions ("Initial Objection") in the Property. The Debtor then amended his Schedule C on December 30, 2014, claiming an exemption therein of $100,000.00 pursuant to Cal. Code Civ. Proc. 704.730(a)(2). A true and correct copy of the Debtor's amended claim of exemption is attached hereto as **Exhibit "5"**.

      11.     The Debtor then filed an opposition to the Initial Objection, a true and correct copy of which is attached hereto as **Exhibit "6"**. The opposition filed by the Debtor admits that the transfers evidenced by **Exhibits "3"** and **"4"** were for no consideration. On January 13, 2015, the Court entered an order denying the Initial Objection without prejudice as to the Trustee's ability to file a further objection to the Debtor's claim of exemption under 11 U.S.C. §522(g).

12.   In January, 2015, I caused to be filed the Complaint to Avoid Fraudulent Transfer (the "Avoidance Action") against Insalata Florencia the Debtor's transferee. I now seek to confirm that the Debtor's claim of exemption does not include any property recovered by the Trustee as a result of the Avoidance Action.

13.   I am informed that the actual value of the Property is between $460,000 and $495,000. According to the property profile, aside from the Wells Fargo Mortgage in the amount of $338,253, there is a judgment lien in favor of Portfolio Recovery Associates, LLC in the amount of $9,320.32 and another judgment lien in favor of Discover Bank in the amount of $5,383.86. *See* **Exhibits "7"** attached hereto. Thus, the total equity in the Property is at least between $107,043 and $142,043.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23 day of January, 2015 at Valencia, California.

*/s/ Wesley H. Avery*
Wesley H. Avery